UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) 3:20-cr-30048-SEM-TSH |
| | ) |
| RAFAEL MERCADO-BERRIOS, | ) |
| | ) |
|     Defendant. | ) |

## MOTION TO PERMIT OPEN VOIR DIRE

Defendant Rafael Mercado-Berrios, by his attorney Rosana E. Brown of the Federal Public Defender's Office, and pursuant to Fed. R. Crim. P. 24(a)(1) and the Sixth Amendment to the United States Constitution, moves this Court to the parties to examine prospective jurors. In support thereof, he provides the following:

    1.    The COVID-19 pandemic altered our world in epic proportions. Testing, vaccines, social distancing, and mask wearing have become an everyday part of life, simply to remain safe. While some constitutional rights were halted during the pandemic, such as the right to a speedy and public jury trial, our Supreme Court has twice made clear that the COVID-19 pandemic did not suspend the operation of our constitutional rights and guarantees. *See*

*South Bay United Pentecostal Church v. Newsome*, 141 S. Ct. 716 (2021) (granting injunctive relief against California's ban on indoor religious services due to COVID); and *Roman Catholic Diocese of Brooklyn v. Cuomo,* 141 S. Ct. 63 (2020) (*per curiam*) (granting enjoiner against New York's pandemic restrictions on religious attendance). While the Supreme Court examined the First Amendment's Free Exercise Clause, the premise applies equally here—"even in a pandemic, the Constitution cannot be put away and forgotten." *Roman Catholic Diocese,* 141 S. Ct. at 68.

2. The right to an impartial jury is essential to Due Process. *See* U.S. CONST. AM. VI. "[T]he right to a jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors. The failure to accord an accused a fair hearing violates even the minimal standards of due process." *Morgan v. Illinois*, 504 U.S. 719, 727 (1992) (quoting *Irvin v. Dowd*, 366 U.S. 717, 722 (1961)). "*Voir dire* in a felony case is a critical stage of the trial." *Gomes v. United States*, 490 U.S. 858, 859 (1989). Trial judges enjoy wide discretion as to potential juror examination. *See Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981) (because judges must rely largely on "immediate perceptions, federal judges have been

afforded ample discretion in determining how best to conduct the *voir dire*."). "[D]ue process is denied by circumstances that create the likelihood or the appearance of bias." *Peters v. Kiff*, 407 U.S. 493, 502 (1972). "The fact that the defendant bears the burden of establishing juror partiality . . . makes it all the more imperative that the defendant be entitled to meaningful examination at jury selection in order to elicit potential biases possessed by prospective jurors." *Mu'Min v. Virginia*, 500 U.S. 415, 441 (1991) (Marshall, J., Blackmun, J., and Stevens, J. dissenting).

3. Federal Rule of Criminal Procedure 24(a)(1) authorizes judges to "permit the attorneys for the parties to" examine prospective jurors. Mr. Mercado asks this Honorable Court for the permission to examine the jury directly because the wearing of masks denies him a crucial component of "meaningful examination" to elicit potential bias and may tend to create "the likelihood or the appearance of bias." Facial expressions, reactions, and gestures comprise essential parts of evaluating truthfulness. A purse of the lips, a smile, biting the lip, a tightened jaw, and a myriad of other facial gestures provide indications of emotion, veracity, and ultimately, potential bias that our courts have recognized. "[N]o

3

transcript can recapture the atmosphere of the *voir dire.*" *Gomez,* 490 U.S. at 859. An "effective opportunity to assess the demeanor of each prospective juror in disclaiming bias" is important to evaluating credibility. *Mu'Min,* 500 U.S. at 451 (Kennedy, J. dissenting). However, mask wearing denies the parties an ability to make "immediate perceptions" that have been determined vital to jury selection.

    4.    As an accommodation to Due Process for the defendant in light of mask wearing, Mr. Mercado seeks leave to examine jurors directly and some measure of latitude in conducting potential juror examination. An open style of *voir dire* permits the parties to ask questions of each juror in addition to necessary follow-up questions in response to their answers.[1] It encourages open discourse and fosters honest disclosures that would provide an ample substitute for the inability to observe facial expressions. It would permit the parties to get to know each prospective juror, in a sense, whereas the ask and answer session of predetermined questions would not.

---

[1] In counsel's experience, some judges in the Eastern District of Tennessee permitted open voir dire examination by the attorneys, some did not.a

5. Accordingly, Mr. Mercado seeks leave of this Court for the attorneys to examine potential jurors, with this Court conducting the initial standard inquiries and having ultimate discretion of what supplemental lines of inquiry may be pursued by counsel.

6. The government through AUSA Tanner Jacobs opposes this Motion.

For these reasons and such other reasons as this Honorable Court may deem just and proper, Mr. Mercado seeks leave for attorneys to conduct supplemental voir dire.

> Respectfully submitted,
>
> RAFAEL MERCADO-BERRIOS,
> Defendant,
>
> THOMAS PATTON, Federal Public
> Defender
>
> By:   s/ Rosana E. Brown
> Rosana E. Brown
> Assistant Federal Public Defender
> Office of the Federal Public Defender
> 600 East Adams, 3rd Floor
> Springfield, Illinois 62701
> Telephone: (217) 492-5070
> Fax: (217) 492-5077
> E-mail: rosie_brown@fd.org

# CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Tanner Jacobs
Assistant United States Attorney
Office of the U.S. Attorney
318 South Sixth Street
Springfield, IL 62701-1806

                                        By: <u>s/ Rosana E. Brown</u>
                                           Rosana E. Brown
                                           Assistant Federal Public Defender