E-FILED
Friday, 21 May, 2021  09:19:22 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:20-cr-30048-SEM-TSH |
| | ) |
| RAFAEL MERCADO-BERRIOS, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S COMBINED
MOTION IN LIMINE AND NOTICE OF INTENT TO USE EVIDENCE
UNDER FEDERAL RULE OF EVIDENCE 404(B) AND MOTION TO
SEAL UNTIL AFTER JURY TRIAL**

Defendant Rafael Mercado-Berrios, by his attorney Rosana E. Brown of the Federal Public Defender's Office, hereby provides his Response to the Government's Motion in Limine and Notice of Intent to use 404(b) evidence.  He also makes reciprocal requests to exclude other 404(b) evidence associated with exhibits the government would use if its 404(b) Motion is granted, and moves to seal the government's motion and this response.  In support, Defendant states:

I.      **Defendant Moves to Seal the Government's Motion, R. 44, and this Response until after the Jury has reached its Final Verdict**

The government's Motion includes a multitude of alleged facts and summarizes evidence in a way that is entirely favorable to the government.  It essentially outlines the government's entire case-in-chief and rebuttal and its interpretation of the evidence as it may be presented at trial.  It also provides in-depth details and single-sided views of evidence that may not ever be presented to the jury.[1]  It offers only the government's version of the evidence and, therefore, effectively inhibits the defendant's presumption of innocence in a public court filing with evidence and interpretations that may not ever be presented to the jury.  Journalists, the general public, and potential jurors can easily access these public filings.  Journalists would publish these alleged facts as truth and possibly taint any jury pool, exposing potential jurors to evidence that may never be admitted at trial.  Jurors could, despite this Court's instructions to the contrary, also access PACER and public filings.  No parties, including the press, the public, or potential jurors should be privy

---

[1] The government noted its intent to use the proposed 404(b) evidence in rebuttal, not its case-in-chief.  R. 44 at 17.

to the government's full synopsis of the case prior to the presentation of evidence at trial.  No parties should be exposed to evidence that may never be presented at trial and it is, therefore, prejudicial to the defendant.  For these reasons, Defendant asks this Honorable Court to seal the filing at R. 44 and this response as unduly prejudicial to the defendant until the jury has concluded its deliberations in this matter.

## II. Response to Notice of Intent to Introduce Evidence of Other Acts Under FRE 404(b) and Reciprocal Request to Exclude Evidence under 404(b)

The government has stated its intent to use, in rebuttal, "facts regarding communication and a sexual relationship between the defendant and a seventeen year old, as well as the defendant's possession of child pornography and his request to his ex-girlfriend that such evidence be deleted from a computer."  Both of these topics should be inadmissible as irrelevant, more prejudicial than probative, and as improper character evidence of other bad acts. Fed. R. Crim. P. 401, 402, 403, and 404(b).  The government's interpretation of these issues is also factually flawed and the evidence is, therefore, unreliable.

Fed. R. Evid. 404(b)(1) prohibits the use of evidence of a crime, wrong, or other act "to prove a person's character in order to show that on a particular occasion the person acted in accordance" therewith.  The Seventh Circuit has established a four-part test for admissibility:

> Evidence of prior crimes, wrongs, or acts may be admitted when: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Asher,* 178 F.3d 486, 492 (7th Cir.1999) (citations omitted).  If this Court chooses to admit the proposed evidence over defendant's objection, the scope of any evidence held admissible should be limited to that which meets the four-part test.

### A.     Texts with Haley should not be admissible

The government alleges that text messages found on Mr. Mercado's phone show that he "contacted an individual he knew to be seventeen, suggested that she live with him and engaged in a sexual relationship with the minor female."  R. 44 at 20.  The government's narrative is wrong.  The evidence is not similar

enough to the offense charged, or sufficient enough to support a jury finding, and it would, therefore, create more unfair prejudice than probative value.

As an initial matter, the text messages found on Mr. Mercado's phone between he and Haley (hereinafter, "Haley evidence") are not relevant or similar enough to the case at hand because sexual contact with a non-familial seventeen year old is legal under Illinois law. *See* 720 Ill. Comp. Stat. §§ 5/11-1.50 through 5/11-6.6 (Section 5/11-6 states "Child means a person under 17 years of age."); and 720 Ill. Comp. Stat. §§ 5/11-25 through 5/11-26. Because the conduct is legal under Illinois law, and therefore, could not constitute a federal crime when not committed on federal land, its admission is more prejudicial than probative. Such legal distinctions should not be left to the province of the jury, and the jury will tend to consider it as evidence of propensity to commit the crime alleged here.

Further, the government's version of events is simply not correct. Thus, the evidence would not support a jury finding that the defendant, in fact, committed the acts the government alleges. When Mr. Mercado met Haley, she represented herself on an escort

website to be between 18 and 24 years old.[2]  It is not clear from the text messages that Mr. Mercado knew of her age until after discussions about a sexual arrangement took place.  It is also not clear from the text messages that any sexual relationship was, indeed, taking place after he knew that she was seventeen.  This evidence would be insufficient for a jury to find that he committed any offense, and therefore, it is not reliable or relevant.

Unfortunately, Haley herself is not available to testify because she is deceased.  Therefore, the truth can only be testified to by the defendant, who has a constitutional right not to testify and have that choice not used against him.  Due to the ambiguous nature of the Haley evidence, its prejudicial effect, and its dissimilarity, Defendant requests this Court to deny the government's Motion to admit it as § 404(b) evidence on rebuttal.

---

[2] Due to the explicit nature of the exhibit associated with this fact, counsel shall reserve the exhibit for admission at a pretrial hearing on this issue and defer to the Court's determination as to whether it should be made part of public record.

**B.    If the Haley evidence is deemed admissible, this
        Court should order the exclusion and/or redaction of
        other, unrelated, irrelevant, and prejudicial evidence.**

The fact of Haley's death—the product of a completely

unrelated tragedy—should not be disclosed at trial for it would tend

to inflame the jury, it is irrelevant to the issues at hand, and is

therefore, more prejudicial than probative.  "Evidence is unduly

prejudicial if it creates a genuine risk that the emotions of

the jury will be excited to irrational behavior, and the risk is

disproportionate to the probative value of the offered evidence."

*United States v. Loughry*, 660 F.3d 965, 973 (7th Cir. 2011) (citation

omitted).  Haley's tragic demise was violent and the discovery

followed several weeks of missing persons search.  Due to her

tender age and the circumstances of her death, there is a genuine

risk that it would excite the jury, and that they would place blame

on the defendant for having some part in the matter when he did

not.  There is also no probative value to the evidence of her death.

It must be excluded.

Additionally, within the body of text messages between Haley

and Mr. Mercado, there is discussion about his divorce, custody

battle, an order of protection, and complaints that his wife had

placed with the Department of Children's Services.  These matters
are entirely unrelated to the instant matter and, therefore,
completely irrelevant.  Accordingly, this Court should order the
government to redact these subjects from any exhibits they may
introduce.

> ### C.    The alleged "possession of child pornography"

The government seized the defendant's computer in question,
conducted a forensic examination, and found no child pornography
whatsoever.  Moreover, his ex-girlfriend has motive to lie—revenge.
This evidence would not be sufficient for a jury to find that he
possessed child pornography.  This evidence should not be
admitted because it is unreliable, and therefore, more prejudicial
than probative.

## III.  Response to Motion in Limine to Preclude all Defenses

The key issue in this case is whether or not Rafael Mercado
knowingly attempted to persuade, induce, entice, or coerce a minor
to engage in sexually explicit conduct.  In its Motion, the
government argues that Mr. Mercado should be precluded from
presenting any defense whatsoever because they all lack merit.  The
government is wrong.  In fact, Mr. Mercado is entitled to present

any evidence that bears on the issue of his "knowledge" of the age of the individual who he was talking to, or of his subjective intent and state of mind.

## A. Entrapment

Defendant has submitted proposed jury instructions for entrapment and it is within the purview of this Court to determine whether to allow or deny that instruction. This Court should, thus, analyze whether there was (1) government inducement of the crime; and (2) lack of a defendant's predisposition to engage in criminal conduct. *United States v. Orr*, 622 F.3d 864, 868 (7th Cir. 2010).

In this case, the government used coercion to induce the Mr. Mercado to begin sexual discussion and made multiple efforts to coax him into doing so. The agent goaded Mr. Mercado nine separate times to engage in explicit discourse, and Mr. Mercado declined the government's inducement four times before slightly giving in.[3] The agent, in essence, groomed Mr. Mercado, and with

---

[3] The evidence will show the following statements from the agent in close succession:
(1) "I'm looking for more than Nextflix and chill. Lol."
(2) "I know what you meant. Lol. I was just saying that I'm looking for more than that. I don't get a house to myself very often. Lol"
(3) "Lol. I'm looking to have some fun."

each coercive statement after the fifth goaded him into more graphic

discussion.  The government's "repeated attempts at persuasion"

amounts to conduct "that creates a risk that a person who would

not commit the crime if left to his own devices will do so in response

to government's efforts."  *United States v. Mayfield*, 771 F.3d 417,

434-45 (7th Cir. 2014).  In addition, after the agent and defendant

ceased their conversation on the first day, August 24, 2020, the

agent initiated contact with him again later that night, in a seeming

effort to "reel in the bait" and keep him interested.  All of these facts

together amount to coercion from law enforcement.

    The government, thus, induced Mr. Mercado to allegedly

commit the crime.

    Predisposition looks to a non-exhaustive list of five factors:

> (1) the defendant's character or reputation; (2) whether the
> government initially suggested the criminal activity; (3) whether the
> defendant engaged in the criminal activity for profit; (4) whether
> the defendant evidenced a reluctance to commit the offense that

---

(4) "Guess it could be either…lol" (Answering to "Are we talking about regular
activities outdoors or indoors?")
(5) "I don't think we are talking about the same type of fun…"
(6) "Why are you talking like that. Lol"
(7) "Ok… but why are you talking like that…lol"
(8) "Ya I mean I get that, but what does not saying the words have to do with it.
lol"
(9) "I wanna know what I'm in for."

> was overcome by government persuasion; and (5) the nature of the inducement or persuasion by the government.

*Id.* at 435 (citations omitted). Here, defendant has no criminal record whatsoever and therefore, his character or reputation should not be at issue. The government not only suggested, but induced the criminal activity. Mr. Mercado refused the government's persuasion four times before giving in. And, the nature of the inducement or persuasion was such that it overborne his will.

The government proposes that the Haley evidence and supposed testimony regarding child pornography that does not exist should weigh heavily in favor of predisposition. It should not. First, the Haley evidence is not evidence of any crime. Legal conduct is far too dissimilar than illegal conduct to provide any basis for determining predisposition. Additionally, there is insufficient evidence to prove that any sexual relationship between Haley and Mr. Mercado actually occurred after he knew that she was seventeen. Further, the testimony and lack of evidence of alleged child pornography is simply a fiction. It is a story concocted by a bitter ex-girlfriend, angry for having to split joint property with the defendant, and there is no evidence whatsoever to corroborate

it.  This evidence, due to its defects, is insufficient to prove a predisposition to commit the criminal conduct alleged here.  "[I]f the evidence is thin that a defendant was predisposed to commit a crime, even minor government inducements should entitle the defendant to present [his] defense to the jury."  *United States v. Pillado*, 656 F.3d 754, 766 (7th Cir. 2011).

"[A] defendant need only point to evidence in the record that would allow a rational jury to conclude that he was entrapped."  *United States v. McGill*, 754 F.3d 452, 458 (7th Cir. 2014).  Defendant should, therefore, be entitled to present his entrapment defense and allow the jury to determine whether the government's proof sufficiently refutes it.

### B.    All other possible defenses

Defendant does not intend to introduce any evidence of unrelated good acts, mental health or capacity, or consent of the child.  Any "fantasy" defense or evidence of the defendant's subjective intent are directly relevant to his knowledge, intent, and state of mind at the time of the crime.  Mr. Mercado is entitled to present a defense, or many defenses, to the elements of the offense no matter the origin.  Because knowledge and intent are elements of

12

the offense, he must therefore, present a defense therefrom. Whether he believed the minor was over 18 years old, never intended to consummate the relationship, or took a substantial step are directly relevant to his knowledge, intent, and subjective state of mind and elements of the offense.

He is entitled to present evidence which calls into question his "knowledge" of the person's age to whom he was speaking. He will present evidence that in his experience, it is difficult to trust what people tell you online, and that there is no way to verify a person's age or even race, gender, or other identifiers. He also intends to present evidence that he has had prior experiences interacting online where people have "catfished" him, or turned out not to have been been who they say they were. This information is not being offered to prove that the person he was speaking to in this instance was a "catfish," but to establish that Mr. Mercado had a reason to doubt the age of the OCE. His subjective mental state, i.e. whether he acted not through "ignorance, mistake or accident," is essential.

The jury instruction in question is:

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including

> what the defendant did or said. Gov't Proposed Instruction No. 38.
> R. 42.

Evidence that goes to show that Mr. Mercado may have doubted the identity of the alleged minor goes directly to his defense that he did not truly know or appreciate that the individual with whom he was chatting was in fact a minor. The government's argument is that Mr. Mercado may not present expert testimony or request a jury instruction relating to these points, and he does not intend to do so. Rather, he is requesting to present evidence that is directly relevant to his own state of mind and his own knowledge as to the age of the individual on the other side of the screen. These issues are relevant to the *mens rea* associated with this offense, and are admissible as such.

As for a lack of proclivity for child sex abuse evidence, if the government admits such evidence then the defendant is entitled to rebut it. And the jury is entitled to weigh the evidence however it sees fit, within the bounds of their instructions. To propose that defendant should sit idly by while the government smears his reputation with its own interpretations of evidence is unreasonable and impractical. Our jury system is an adversarial one for a

reason.  A defendant must be entitled to present a defense.  No expert will be called on this issue.

## IV.   CHS Identity

Defendant has no objection to concealing the CHS identity, however, argues that the age of the CHS in photos and in an audio recorded telephone call are essential to the defendant's knowledge, subjective intent, and state of mind at the time of the offense.  The age of the CHS, therefore, or an age range, must be admitted for the jury's consideration.  Defendant should be further entitled to state the obvious—that the government elected to not call this person as a witness and instead to maintain their confidentiality.

## V.    Jury Nullification

Defendant has no plans to improperly argue to the jury that he faces a ten year mandatory minimum term of imprisonment if convicted.  Nor does he plan to challenge the government's motivations for pursuing these types of cases.  However, the jury is entitled to know of the actual nature and scope of the government's investigation into Mr. Mercado and others at the time of Mr. Mercado's arrest, in association with the operation that led to Mr. Mercado.  It is entitled to know the procedures followed and to

deliberate therefrom.  To be certain, the government themselves have proposed an expert witness to testify to these types of investigations and the defendant must be permitted his thorough cross-examination of that witness.

## VI.   Discovery Requests or Commentary

In a separate Motion, defendant has challenged several items of missing evidence that have since been deleted by MeetMe.com and are unrecoverable.  If this Court determines it fit, Mr. Mercado shall be entitled to a negative inference jury instruction on the issue and to make arguments derived therefrom.  These specific items of missing evidence would be the only issues counsel anticipates raising at trial if the Court permits.

Respectfully submitted,

RAFAEL MERCADO-BERRIOS,
Defendant,

By:    s/ Rosana E. Brown
Rosana E. Brown
Assistant Federal Public Defender
Office of the Federal Public Defender
600 East Adams, 3rd Floor
Springfield, Illinois 62701
Telephone: (217) 492-5070
Fax: (217) 492-5077
E-mail: rosie_brown@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Tanner Jacobs
Assistant United States Attorney
Office of the U.S. Attorney
318 South Sixth Street
Springfield, IL 62701-1806

By:   s/ Rosana E. Brown
Rosana E. Brown
Assistant Federal Public Defender