IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cr-30048 |
| ) | |
| RAFAEL MERCADO BERRIOS, ) | |
| ) | |
| Defendant. ) | |

# ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter is before the Court on Defendant Rafael Mercado Berrios' Notice of News Articles Regarding Operation Horseshoe Roundup and Motion to Admit Evidence of Punishment Faced by Defendant (d/e 75). Because the United States Attorney's Office press release and numerous news articles have published the penalties faced by Defendant if convicted, Defendant moves the Court for the ability to present evidence to the jury regarding the potential penalties. Id. at 2. The Government has filed a Response to Defendant's Motion to include Penalties and Request to Ask Questions Regarding Larger Covert Operation (d/e 81) opposing

Defendant's request.

Seventh Circuit case law is clear that "[j]uries are not to consider the consequences of their verdicts." United States v. Diekhoff, 535 F.3d 611, 621 (7th Cir. 2008) (citing Shannon v. United States, 512 U.S. 573, 579 (1994)).  Defendant's motion is contrary to "the principle that determining the appropriate sentence upon conviction is fully within the province of the judge, not the jury . . . ." United States v. Garrett, 757 F.3d 560, 571 (7th Cir. 2014).  "Indeed, '[t]he jury's finding of facts and application of those facts to the law just do not require [the jury] to ponder what the ultimate sentence will be.'"  Id. (quoting Diekhoff, 535 F.3d at 621).  For these reasons, Defendant's Motion to Admit Evidence of Punishment Faced by Defendant (d/e 75) is DENIED.  Any concerns regarding what the members of the jury pool may have learned about the case through news articles like those filed by Defendant can be addressed during voir dire.

The Government's response to Defendant's Motion also itself contains a separate Motion to Exclude Defendant's Questioning of Government Witnesses Relating to the Operation, the Individuals Arrested, or Their Backgrounds.  See Resp. 8-11.  In that motion,

the Government seeks to preclude Defendant from "questioning government agents on the larger operation" on the basis that such questions are not relevant. Id. at 11. Specifically, the Government contends that any questioning concerning "the larger operation, the individuals arrested, their backgrounds and similar testimony" is irrelevant under Federal Rule of Evidence 401 and would only serve to mislead the jury. Id. at 8-9 (also citing Fed. R. Evid. 403).

At the final pretrial conference, Defendant's counsel stated that she would limit her line of questioning on the scope of the larger operation to the number of individuals arrested and would not pursue any questioning concerning the criminal history backgrounds of the other individuals arrested. Based on that representation, the Government's Motion to Exclude Defendant's Questioning of Government Witnesses Relating to the Operation, the Individuals Arrested, or Their Backgrounds (d/e 81) is GRANTED IN PART AND DENIED IN PART. Defendant may question the Government's witnesses on the scope of the larger operation, to include the number of individuals arrested, but Defendant is precluded from asking questions concerning the identities of the other individuals arrested or their criminal histories

and the Government's motivations or decisions about which individuals to charge.

Finally, as the Court noted at the final pretrial conference in ruling on the Government's motions in limine, the "outrageous government conduct" defense is not recognized in the Seventh Circuit.  See United States v. Smith, 792 F.3d 760, 765 (7th Cir. 2015) (quoting United States v. Boyd, 55 F.3d 239, 241 (7th Cir. 1995)) (other citations omitted) (noting that the defense "does not exist in this circuit" and that the decision not to recognize the defense has been repeatedly reaffirmed).  Defendant is, therefore, precluded from presenting argument or evidence concerning an "outrageous government conduct" defense.

ENTERED:  May 26, 2021

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE