E-FILED
Thursday, 27 May, 2021  03:52:45 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-cr-30048 |
| | ) | |
| RAFAEL MERCADO BERRIOS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER RULING ON VOIR DIRE QUESTIONS
SUBMITTED TO THE COURT**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Background

This matter is set for jury trial commencing Tuesday, June 1, 2021.

The undersigned Magistrate Judge Tom Schanzle-Haskins will conduct jury

selection on Tuesday, June 1, 2021, at 9:00 a.m.  In preparation for jury

selection, both the Government and the Defendant have submitted multiple

proposed voir dire questions.  In the interest of clarity and efficiency, the

Court is ruling in advance of the jury selection on the proposed voir dire

questions submitted.  Judge Schanzle-Haskins' Prospective Juror

Questions in Criminal Cases (Judge Schanzle-Haskins' Questions) are

available on the website of the District Court for the Central District of

Illinois under Local Rules and General Orders, Orders and Rules by Judge.

Referral to some of the questions on Judge Schanzle-Haskins' Questions will be included in this ruling on the parties' submitted voir dire questions as set forth below.

<u>Rulings on Defendant's Proposed Voir Dire Questions (d/e 51)</u>

A. PRIOR JURY SERVICE

1. Court declines to ask Question 1 as it is covered by Judge Schanzle-Haskins' Question 8 and its sub-parts. If a juror indicates they have served as a juror in a criminal trial, the Court will inquire as to whether or not a verdict was reached and whether the verdict was for the Government or the Defendant.

B. PRIOR EXPERIENCE OR AFFILIATION WITH LAW ENFORCEMENT

1. The Court declines to ask Question 1 as it is covered by Judge Schanzle-Haskins' Question 13.

2. The Court declines to ask Question 2 as it is overbroad. It could potentially cover a traffic citation or other contacts with law enforcement officers which have no relevance to this case. Judge Schanzle-Haskins' Questions 11 and 12 deal with whether jurors or members of their families have been victims of a crime or whether jurors or members of their families, or close personal

friends, have ever been personally prosecuted for a criminal offense. These questions should satisfy the question of whether jurors have had direct contact with law enforcement officers in a manner which might be relevant to this case.

3. The Court declines to ask Question 3. Judge Schanzle-Haskins' Questions 24 and 25 adequately deal with the presumption of innocence and the burden of proof of the Government. To ask whether law enforcement is "correct" could confuse the prospective jurors. The relevant issue is whether the Government meets its burden of proof, not whether the Government is "correct". Judge Schanzle-Haskins' Question 22 also asks whether the prospective juror may have any prejudice against a defendant simply because he is charged with a crime. Judge Schanzle-Haskins' Questions adequately address these issues.

C. COMPUTER / DIGITAL MEDIA EXPERIENCE / ONLINE DATING EXPERIENCE

The Court will ask Questions 1, 2, 3, 4, 5, and 8. The Court will add the words "or cell phone" at the end of Question 2. Court declines to ask the remaining questions in Section C. Questions 6 and 7 appear to try to inform jurors of potential evidence in the case. Those questions

may confuse the prospective jury.  The Court will not ask Questions 6 and 7.  The jurors must rely on the evidence presented at trial and the instructions given by the Court as to the application of the law to that evidence.  Question 9 would open the door to myriad experiences people may have had with dating applications, which have no applicability to this case.  The Court will not ask Question 9.

D. PRIOR EXPERIENCE WITH SEXUAL ABUSE OR FEELINGS
   ABOUT SEXUAL DIALOGUE

The Court will ask Questions 1, 2, and 3.  The Court will modify the preamble to the asking of those questions to indicate to the prospective jurors that if they would prefer to answer the questions outside the hearing of the other prospective jurors, responses may be made only to the Judge and the lawyers and will be stated at the bench.  The Court will modify Question 3.  The Court anticipates that any description of this kind of sexual conduct may make many or all prospective jurors "uncomfortable".  The Court believes that the proper inquiry is whether evidence of those types of discussions would keep a juror from being a fair and impartial juror.  The Court will modify the question to include that phrase in Question 3 and eliminate the last sentence of Question 3 and ask the question as modified above.

E. ADVOCACY FOR MINOR VICTIMS OF SEXUAL OFFENSES

The Defendant seeks to ask two questions which inquire whether the prospective juror belongs to any group or subscribes to any publication which advocates for the rights of victims of sexual assault on children under 18 years of age.  The Government, in response to the Defendant's questions referred to above, seeks modification of the Defendant's questions to ask whether any of the prospective jurors belong to any group or subscribe to any publications which advocates or condones sexual relations between adults and children under 18 years of age.  In lieu of asking the two questions proposed by the Defendant and the two questions proposed by the Government, the Court will ask the following question:  Do you belong to any group or subscribe to any publication or listserv that either advocates for the rights of victims of sexual assaults on children under 18 years of age or advocates or condones sexual relations between adults and children under 18 years of age?

F. REASONABLE DOUBT / PRESUMPTION OF INNOCENCE

The Court declines to ask Questions 1, 2, and 3. The Seventh Circuit specifically and repeatedly has held that it is inappropriate for trial judges to attempt to define "reasonable doubt" for the jury. See Committee Comment. Seventh Circuit Pattern Jury Instruction 1.04 Definition of Reasonable Doubt. Questions 1 and 2 seek to have the prospective jurors define reasonable doubt. The Seventh Circuit Jury Instructions specifically state that the defendant is never required to prove his innocence and he is not required to produce any evidence at all. Seventh Circuit Pattern Jury Instruction 1.03.

G. TESTIMONY OF DEFENDANT

The Court declines to ask Questions 1 and 2. The Seventh Circuit Jury Instructions specifically instruct jurors that a defendant has an absolute right not to testify and that the jury may not consider in any way the fact that a defendant did not testify. Seventh Circuit Pattern Jury Instruction 2.05. The prospective jurors will be asked if they can follow the instructions of the Judge concerning the law even if they disagree with the Judge's instruction. Judge Schanzle-Haskins' Instruction 27.

Ruling on Government's Voir Dire Questions (d/es 60)

The Government submitted two additional voir dire questions in Government's Questions. Both questions ask whether or not the prospective juror has a strong opinion. The first question asks if the prospective juror has a strong opinion about government agents posing as minors in an Internet chat room and the second asks whether the prospective juror has a strong opinion about government agents arranging to use a house to meet the defendant. Jurors will be instructed to follow the jury instructions given by the Court. Their opinions are not determinative. The Court asks the prospective jurors if they will follow the law even if they disagree with it. The proposed questions may confuse prospective jurors by indicating their strong opinions could be considered in their decision on a verdict, as opposed to the instructions of the Court as to the law. The Court declines to ask Government's Questions 1 and 2.

ENTERED:  May 27, 2021

__s/ Tom Schanzle-Haskins_____

TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE