E-FILED
Tuesday, 01 June, 2021  12:04:36 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20-cr-30048 |
| | ) | |
| RAFAEL MERCADO BERRIOS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This order summarizes the rulings from the final pretrial conference held on May 24, 2021. If the Court reserved ruling on an issue in whole or in part but has since decided the issue, the Court notes as much where appropriate.

### Jury Instructions

At the final pretrial conference, the Court made the following rulings concerning the agreed jury instructions submitted by the parties.

(1) Agreed Forfeiture Instructions Numbers 1 through 6 and the Special Verdict Form will be GIVEN WITHOUT OBJECTION.

(2) At the Final Pretrial Conference, the Court reserved ruling on Defendant's Proposed Jury Instructions. In a later Order (d/e 92), the Court REFUSED Defendant's Proposed Jury Instructions.

(3) Agreed Preliminary Instructions Numbers 1 through 8, 10, and 11 will be GIVEN WITHOUT OBJECTION. Preliminary Instruction Number 9 will be replaced with the Court's Proposed Preliminary Instruction Number 1 on note taking without objection. The Court's Proposed Preliminary Instruction Number 2 on asking questions will be given without objection. The Court noted that the Court's Proposed Preliminary Jury Instructions Numbers 1 and 2 were not docketed prior to the Final Pretrial Conference, although the parties also did not object. Copies of the Court's Proposed Preliminary Jury Instructions Numbers 1 and 2 are attached to this Order. Any objections will be addressed at the Jury Instruction Conference.

(4) Agreed Instructions Numbers 12 to 29, 31, 33, 35, 37 to 40, 42 to 43, and 46 to 49 will be GIVEN WITHOUT OBJECTION.

(5) Instruction Number 44 will be GIVEN over Defendant's objection.

(6) Instructions Numbers 30, 41, and 45 are REFUSED. The Court notes that the Government has submitted a Modified Instruction Number 40, which incorporates what was Proposed Instruction Number 41. The Court will rule on the modified instruction at the jury instruction conference.

(7) At the Final Pretrial Conference, the Court reserved ruling on Instructions Numbers 32 and 34. Defendant objected to both instructions only to the extent that they would need to be amended should the Government's Motion in Limine concerning the entrapment defense have been denied. The Court has since granted the Government's Motion in Limine on the entrapment defense, see Order, d/e 92, so Preliminary Instructions

Number 32 and 34 will be GIVEN as submitted over Defendant's objection.

(8) Based on Defendant's Objection, Instruction Number 36 will be GIVEN as amended to replace the word "violation" with the word "allegation."

(9) The verdict form submitted will be GIVEN WITHOUT OBJECTION.

(10) The parties are directed to resubmit clean versions of their jury instructions prior to trial.

## Motions in Limine

At the final pretrial conference, the Court made the following rulings on the motions in limine submitted by the parties.

For the reasons stated on the record, the Government's Combined Motion in Limine, d/e 44, is GRANTED IN PART, DENIED IN PART, and RESERVED IN PART.

The Government's Motion in Limine regarding anticipated defenses was ruled on at the Final Pretrial Conference as follows: evidence of Defendant's unrelated good acts, mental health or capacity, or the consent of the 'child' is barred. The Court denied the motion to the extent that the Government seeks to foreclose

Defendant from presenting evidence of his mental state and his knowledge of the child's age. In a subsequent written Order, d/e 92, the Court granted the Government's motion with respect to the entrapment defense and granted in part and denied in part the Government's motion with respect to the 'fantasy' defense. No jury instruction will be given, and no expert testimony may be offered on the fantasy defense, but the Government's proposed limitation on Defendant's cross-examination of the Government's witnesses was denied. Any objections to the scope of cross-examination will be addressed during trial at the appropriate time.

As for the Government's Motion to Exclude Evidence Regarding the CHS's Identity, the Court granted the motion at the Final Pretrial Conference with the stipulation that the parties will indicate that all of the individuals in the photographs are over the age of eighteen.

The Court reserved ruling on the Government's Motion to Exclude Argument or Evidence Designed to Elicit Jury Nullification pending submission of additional information by Defendant. After Defendant submitted the additional information, the Court, in a written Order, d/e 83, DENIED Defendant's later-filed Motion to

Admit Evidence of Punishment Faced by Defendant, d/e 75, and GRANTED IN PART AND DENIED IN PART the Government's later-filed Motion to Exclude Defendant's Questioning of Government Witnesses Relating to the Operation, the Individuals Arrested, or Their Backgrounds.  Defendant may question the Government's witnesses on the scope of the larger operation, to include the number of individuals arrested, but Defendant is precluded from asking questions concerning the identities of the other individuals arrested or their criminal histories and the Government's motivations or decisions about which individuals to charge. Defendant is also precluded from presenting argument or evidence concerning an "outrageous government conduct" defense.

At the Final Pretrial Conference, the Court reserved ruling in part on the parties' dispute concerning the Government's Notice of Intent to Use Evidence Under Federal Rule of Evidence 404(b). Counsel for the Government stated that the proposed 404(b) evidence would be used only in rebuttal to an entrapment defense. Given the Court's ruling on the Government's Motion in Limine regarding the entrapment defense, see Order d/e 92, this issue is now largely moot.  Nonetheless, the Court's rulings on that evidence

as stated on the record at the Final Pretrial Conference is set forth as follows: (1) the evidence of text message conversations between Haley and Defendant must be redacted to remove any reference to Defendant's divorce, custody battle, and related issues; (2) by agreement of the parties, no reference will be made to the circumstances surrounding Haley's death; (3) April Smith may testify to the calls from Defendant, and she may testify on the images she allegedly deleted at Defendant's request, but she may not refer to them as 'child pornography,' although she may explain why she believed the images to be of minors.

The court's rulings on the motions in limine are subject to reconsideration depending on how the trial develops.

## Other Matters

At the final pretrial conference, the court made the following additional rulings:

(1) All parties have consented to Magistrate Judge Schanzle-Haskins impaneling the jury in this case. Proposed non-routine voir dire offered by the parties will be addressed by Judge Schanzle-Haskins. Defendant's Motion to Permit Open Voir Dire, d/e 49, is DENIED AS MOOT.

(2) The Court advised the parties that it plans to first call in only vaccinated members of the jury pool prior to calling unvaccinated members of the pool, if necessary.

(3) Any stipulations shall be filed, in writing, signed by all parties prior to trial.

(4) Defendant's Motion to Dismiss Indictment for Speedy Trial Violations was DENIED to be followed with a written order, which has since been issued.  See Order, d/e 93.

(5) After hearing argument from the parties, Defendant's Motion to Compel Discovery or Sanction for Brady Violations and Failure to Preserve Evidence, d/e 50, was DENIED.  Based on that ruling, the Government's Motion in Limine to Preclude Discovery Requests or Commentary in the Presence of the Jury is GRANTED.

(6) At the Final Pretrial Conference, the Court reserved ruling on Defendant's Motion to Suppress Statements and Evidence, d/e 47.  That motion has since been denied in all respects.  See Opinion, d/e 103.

ENTERED: June 1, 2021

FOR THE COURT: <u>/s/ Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE