Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion

influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

The charge against the defendant is in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant, RAFAEL MERCADO BERRIOS, committed the crimes of attempted enticement of a minor (Count One) and use of interstate facilities to attempt to transmit information about a minor (Count Two). The defendant has pleaded not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
    v. )    Case No. 20-cr-30048
)
RAFAEL MERCADO BERRIOS, )
)
    Defendant. )

## INDICTMENT

### COUNT ONE
(Attempted Enticement of a Minor)

On or between August 24, 2020 and August 28, 2020,

in Sangamon County, in the Central District of Illinois, and

elsewhere,

## RAFAEL MERCADO BERRIOS,

the defendant herein, used a facility and means of

interstate commerce, the Internet and a cellular telephone,

to knowingly attempt to persuade, induce, and entice an

individual who he believed had not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense, to wit, Aggravated Criminal Sexual Abuse, in violation of Illinois statute 720 ILCS 5/11-1.60(d).

All in violation of Title 18, United States Code, Section 2422(b)

## COUNT TWO

(Use of Interstate Facilities to Attempt to Transmit Information About a Minor)

On or between August 24, 2020 and August 28, 2020, in Sangamon County, in the Central District of Illinois, and elsewhere,

**RAFAEL MERCADO BERRIOS,**

the defendant herein, knowingly used a facility and means of interstate commerce, the Internet and a cellular telephone, with the intent to transmit the name, address, electronic mail address, and telephone number of another individual who had not attained the age of sixteen, and the

defendant did so with the intent to attempt to entice, encourage, offer, and solicit that person to engage in sexual activity for which any person can be charged with a criminal offense, to wit, Aggravated Criminal Sexual Abuse, in violation of Illinois statute 720 ILCS 5/11-1.60(d).

All in violation of Title 18, United States Code, Section 2425.

The indictment charges that the crimes happened "on or between" August 24, 2020 and August 28, 2020. The government must prove that the crimes happened reasonably close to the dates. The government is not required to prove that the crimes happened on those exact dates.

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify. You should not even discuss it in your deliberations.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the age of the witness;

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

\-     inconsistent or consistent statements or

       conduct by the witness.

It is proper for an attorney to interview any witness in preparation for trial.

You have heard testimony that the defendant made a statement to law enforcement personnel. You must decide whether the defendant actually made those statements and, if so, how much weight to give to the statements. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

You have heard testimony that the defendant committed acts other than the ones charged in the indictment. Before using this evidence, you must decide whether it is more likely than not that the defendant took the actions that are not charged in the indictment. If you decide that he did, then you may consider that evidence to help you decide whether the defendant had the knowledge and intent to entice a minor to engage in criminal sexual activity. You may not consider this evidence for any other purpose. To be more specific, you may not assume that, because the defendant committed an act in the past, he is more likely to have committed the crimes charged in the indictment. The reason is that the defendant is not on trial for these other acts. Rather, he is on trial for attempted enticement of a minor and use of interstate facilities to attempt to transmit information about a minor. The government has the burden to prove beyond a reasonable

doubt the elements of the crimes charged in the indictment. This burden cannot be met with an inference that the defendant is a person whose past acts suggest bad character or a willingness or tendency to commit crimes.

You have heard from two witnesses, namely, Aaron Spivack, Special Agent with the Federal Bureau of Investigation, and William O'Sullivan, Senior Forensic Examiner with the Federal Bureau of Investigation. Special Agent Spivack gave opinions and testimony about the child enticement operations. Examiner O'Sullivan gave opinions regarding the use of the cellular telephone and computer. You do not have to accept these witnesses' opinions. You should judge these witnesses' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness's qualifications, how he reached his conclusions, and the factors I have described for determining the believability of testimony.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

You have heard evidence obtained from the government's use of undercover agents and deceptive investigative techniques. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence.

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

Count One of the indictment charges the defendant with attempted enticement of a minor. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant used a facility or means of interstate commerce to knowingly attempt to persuade, induce, entice or coerce an individual to engage in sexual activity; and

2. The defendant believed that the individual was less than less than 18 years of age; and

3. If the sexual activity had occurred, the defendant could have been charged with the criminal offense of Aggravated Criminal Sexual Abuse under Illinois law.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant

guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

As to Count One, a person attempts to commit enticement of a minor if he (1) knowingly takes a substantial step toward committing enticement of a minor, (2) with the intent to commit the offense. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the crime.

The allegation here is enticement of a minor. The government does not have to prove that the defendant intended to engage in sexual activity with the minor in order to find the defendant guilty of this charge.

A factual impossibility which makes it impossible for an offense to be completed is not a defense to an attempt charge.

With regard to the charge of attempted enticement of a minor to engage in sexual activity, it is not a defense that there was no actual minor victim as long as the government proves beyond a reasonable doubt that the defendant believed that the individual was a person under the age of 18 years.

Count Two of the indictment charges the defendant with use of interstate facilities to attempt to transmit information about a minor. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant knowingly attempted to initiate the transmission of the name, address, telephone number, or electronic mail address of an individual he believed had not attained the age of sixteen by a facility and means of interstate commerce within the territorial jurisdiction of the United States; and

2. The defendant believed the individual was less than sixteen years of age at the time; and

3. The defendant intended to entice, encourage, offer, and solicit that individual to engage in any sexual activity for which the defendant could have been charged with the

criminal offense of Aggravated Criminal Sexual Abuse under Illinois law.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

As to Count Two, a person attempts to transmit information about a minor using interstate facilities if he (1) knowingly takes a substantial step toward transmitting information about a minor, (2) with the intent to commit the offense. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the crime.

For both Counts One and Two, a person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

For both Counts One and Two, in considering whether the defendant attempted to persuade, induce, entice, or coerce an individual to engage in any sexual activity, I instruct you to use the ordinary, everyday definitions of these terms.

For both Counts One and Two, "interstate commerce" means commerce between different states, territories, and possessions of the United States, including the District of Columbia.

"Commerce" includes, among other things, travel, trade, transportation and communication.

Images and communications transmitted or received over the Internet have moved in interstate commerce. It is for you to determine, however, if the images and communication had been transmitted or received over the Internet.

A cellular telephone is a means, facility or instrumentality of interstate and foreign commerce. It is for you to determine, however, if the images and communication had been transmitted or received by the use of a cellular telephone.

As charged in Counts One and Two, the government must prove that if the attempted sexual activity had occurred, the defendant could have been charged with a criminal offense under Illinois law.

On the date charged in the Indictment, Illinois law provided that the criminal offense of aggravated criminal sexual abuse is committed when any person engages in an act of sexual penetration or sexual conduct with a person who is at least 13 years of age but under 17 years of age and the accused is at least five years older than the victim.

The term "sexual penetration" means any contact, however slight, between the sex organ or anus of one person and an object or the sex organ, mouth, or anus of another person, or any intrusion, however slight, of any part of the body of one person or object into the sex organ or anus of another person, including, but not limited to, cunnilingus, fellatio, or anal penetration. Evidence of

emission of semen is not required to prove sexual penetration.

The term "sexual conduct" means any knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus, or breast of the victim or the accused, for the purpose of sexual gratification or arousal of the victim or the accused.

"Minor" means any person under the age of eighteen (18) years.

The intent required under this violation is the intent to persuade, induce, entice, or coerce someone believed to be a minor to engage in sexual activity. It is not required for the government to prove that the defendant intended to engage in sexual activity with the minor.

In deciding your verdict, you should not consider the possible punishment for the defendant who is on trial. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

A verdict form has been prepared for you. You will take this form with you to the jury room.

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the appropriate verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

UNITED STATES OF AMERICA, )
)
       Plaintiff, )
)
vs. )     Case No. 20-cr-30048
)
RAFAEL MERCADO BERRIOS, )
)
       Defendant. )

# V E R D I C T

1.   We, the Jury, find the defendant, RAFAEL MERCADO

BERRIOS, _____ of Attempted Enticement of
              (Guilty or Not Guilty)

a Minor, as charged in Count One of the Indictment.

2.   We, the Jury, find the defendant, RAFAEL MERCADO

BERRIOS, _____ of Use of Interstate
              (Guilty or Not Guilty)

Facilities to Attempt to Transmit Information About a

Minor, as charged in Count Two of the Indictment.


DATE:_____


_____     _____

1

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                 FOREPERSON